■ GARY MARCUS et al., Individually and as Stockholders of 3800 West Henrietta Road, Inc., Doing Business as KLASSY CAT TAVERN, et al., Respondents, v TOWN OF HENRIETTA et al., Appellants. [616 NYS2d 845] —Judgment unanimously affirmed with costs. Memorandum: Supreme Court properly declared that the criteria used by the Town Board of the Town of Henrietta (Town Board) in denying plaintiffs' application for a special permit are unconstitutional. Although the Town Code does not directly regulate constitutionally protected expression, "the provision requiring a special * * * permit after a public hearing impermissibly vests town officials with the power to discriminate on the basis of the content of the * * * expression" *(Town of Islip v Caviglia,* 141 AD2d 148, 166, *affd* 73 NY2d 544). Section 127-48 of the Town Code does not provide "narrow, objective and definite standards to guide"

the Town Board *(Shuttlesworth v Birmingham,* 394 US 147, 151; *see, Town of Islip v Caviglia, supra,* at 166; *15192 Thirteen Mile Rd. v City of Warren,* 593 F Supp 147, 156; *Little v City of Greenfield,* 575 F Supp 656, 662; *Amico v New Castle County,* 571 F Supp 160, 173). Rather, the criteria contained in that section confer broad discretion upon the Town Board, leaving the permit process open to the kind of arbitrary action that is "inherently inconsistent with a valid time, place and manner regulation because such discretion has the potential for becoming a means of suppressing a particular point of view" *(Heffron v International Socy. for Krishna Consciousness,* 452 US 640, 649). Thus, the Town of Henrietta was properly enjoined from enforcing the special permit requirements of the Town Code against establishments offering live entertainment. (Appeal from Judgment of Supreme Court, Monroe County, Wisner, J.—Declaratory Judgment.) Present —Green, J. P., Fallon, Wesley, Doerr and Boehm, JJ.